# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEAN M. PERRIN,**

              **Plaintiff,**

**-vs-**                                             **Case No. 6:04-cv-399-Orl-KRS**

**JOHN B. WEBB & ASSOCIATES, INC.,**
**and JOHN B. WEBB,**

              **Defendants.**

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR TAXATION OF ATTORNEY'S FEES AND COSTS (Doc. No. 38)** |
| **FILED:** | June 16, 2005 |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED in part**. |

### I. PROCEDURAL HISTORY.

On March 23, 2004, Plaintiff Jean M. Perrin filed a complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Florida state law against Defendants John B. Webb & Associates, Inc. ("Associates") and John B. Webb. Doc. No. 1. Subsequently, the defendants answered the complaint and filed a motion for summary judgment, which the Court ordered stricken for procedural defects. Doc. Nos. 6-8. The defendants filed a

revised motion for summary judgment, which the Court denied without prejudice on the merits. Doc. Nos. 11, 14.

On April 25, 2005, the parties filed a notice that this case had settled, and I entered an order dismissing this case on April 26, 2005. Doc. Nos. 31, 32. Subsequently, Perrin moved to reopen this case, asked the Court to approve a settlement agreement and to resolve the issue of attorney's fees, which motion I granted. Doc. Nos. 37, 39.

On June 16, 2005, the parties filed a joint motion for approval of a settlement they had reached regarding liability. Doc. No. 36. The parties reached an agreement pursuant to which the defendants would pay Perrin $270.00, which amount is comprised of $135.00 in unpaid overtime wages and $135.00 in liquidated damages under the FLSA. Counsel represented that $270.00 was the full amount of damages to which Perrin was entitled; thus, the amount of damages was not compromised as a result of the settlement. The settlement agreement also provided that the Court would determine the reasonable attorney's fees and costs to be awarded to Perrin. I approved this settlement agreement after a hearing. Doc. No. 43. At the hearing, I also heard argument on the motion for an award of attorney's fees and costs. That motion is now ripe for consideration.

II. **EVIDENCE REGARDING ATTORNEY'S FEES AND COSTS.**

Charles Scalise, Esq., the attorney for Perrin, performed 29.1 hours of work on this case, and his affidavit includes detailed time entries that support each of these hours.[1] Doc. No. 34

---

[1] Scalise avers that he worked a total of 29.2 hours on this case. Affidavit of Charles Scalise ¶ 2. However, according to my calculations, the time entries submitted by Scalise only total 29.1 hours.

(Affidavit of Charles Scalise) ¶ 2.  In addition, Perrin seeks a fee award for 1.8 hours of work performed by paralegal Susan Sabra.[2]  *Id.*

Perrin retained Scalise's firm on a contingency-fee basis.  *Id.* ¶ 3.  Scalise has been a continuous member of the Florida Bar since 1988.  *Id.* ¶ 4.  He has practiced exclusively in the area of employment law for seven years and has over sixteen years of litigation experience.  *Id.*  Scalise avers that a reasonable hourly rate for a lawyer with his experience and expertise is $300.00 per hour.  *Id.*  Scalise further avers that he has been awarded attorney's fees reflecting a $300 hourly rate in previous cases, Affidavit of Charles Scalise ¶ 4, but he did not favor the Court with citations to or copies of these decisions.

Sabra has trained and worked as a paralegal since 1985.  *Id.* ¶ 5.  She has extensive experience in client interviewing and file preparation.  *Id.*  Scalise avers that state courts have previously determined that a reasonable hourly rate for her services is $95.00, *id.,* but once again counsel did not cite to or provide a copy of these decisions.

Leo Rock, Esq., submitted an affidavit setting for his expert opinion on the attorney's fees sought in this case.  Doc. No. 34 (Affidavit of Rock).  Rock was admitted to the Florida bar in 1966, and he has been a member of the bar in good standing continuously since his admission.  *Id.* ¶ 2.  Rock has practiced in the area of labor and employment law exclusively for 37 years.  *Id.* ¶ 3.  For 15 years, Rock was a partner in the law firm of Gray, Harris & Robinson in Orlando, Florida, and, from 1985 to 2002, Rock was the head of that firm's Labor and Employment Law Section.  *Id.* ¶¶ 4-5.  Based on his years of experience in practicing law in central Florida, Rock is familiar

---

[2] The time sheets reflect that Sabra worked 2.2 hours on this case.

with the rates attorneys charge. *Id.* ¶ 5. Rock has been board certified by the Florida Bar association in Labor and Employment Law since 2002. *Id.* ¶ 6.

Rock has reviewed the files of Perrin's attorney regarding this case. *Id.* ¶ 7. In reviewing the files, it is his opinion that it would have been reasonable for Scalise to perform 25 hours of work in this case. *Id.* ¶ 9. Based upon his knowledge of prevailing attorney rates in central Florida, it is Rock's opinion that $300.00 per hour is a reasonable hourly rate for an attorney possessing the skills and experience of Scalise. *Id.* ¶ 10.

Finally, Scalise avers that Perrin has incurred taxable costs consisting of $111.40 for service of process, $150.00 for a filing fee, and $300.00 in expert witness fees. Affidavit of Charles Scalise ¶ 6.

**III.    STANDARD OF REVIEW.**

The FLSA provides for a mandatory award of attorney's fees and costs. 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should

have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney.  *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.  *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

**IV.   ANALYSIS.**

   1.   Attorney's Fees.

In their response to the present motion, the defendants agree that Perrin is entitled to attorney's fees, but object to the amount of fees he seeks on a number of grounds.  Doc. No. 41. First, the defendants object to the overall reasonableness of the fees Perrin seeks in proportion to the amount he recovered under the terms of the settlement.  According to Associates and Webb, an award of $7,671.00 is excessive in light of the $270.00 actual damages award.  Associates and Webb submit that a reasonable attorney's fee award for Perrin would be $1,350.00, which reflects ten times the amount of the unpaid overtime compensation.  *Id.* at 4-5.

A.     *Hourly Rate.*

The first step in the attorney's fee calculation is to determine a reasonable hourly rate for the professionals who worked on the the case.  Scalise seeks an hourly rate of $300.00 for work he performed and $95.00 for work Sabra performed.

Based on my experience in the central Florida community, and in the absence of objection, I conclude that $95.00 per hour is reasonable for Sabra's work.

With respect to the reasonable hourly rate for Scalise, I consider Rock's assessment of the reasonable hourly rates in central Florida, but I give it only limited weight because he did not address the factors enumerated in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), that are relevant to assessing a reasonable hourly rate.  These factors include similarity of skill between Scalise and others who have been paid a rate of $300 per hour, similarity of cases and clients, and the reputation of the lawyers that Rock used as comparables.  *See Norman*, 836 F.2d at 1299.  While Scalise may have practiced employment law for some time, his papers demonstrate some lack of skill in the area.  For instance, this Court has often determined that the "unpaid wages" claim set forth in count two of the instant complaint fails to state a claim.  *See, e.g., Ryperto v. H&R Concepts, LLC*, Case No. 6:04-cv-793-ORL-18KRS (M.D. Fla. 2005) (doc. nos. 16, 17, 18); *McCauley v. Protection Consultants, Inc.*, Case No. 6:04-cv-1460-Orl-18KRS (M.D. Fla. 2004) (doc. nos. 16, 17); *Rondeau v. Richard's Restoration, Inc.*, Case No. 6:04-cv-397-Orl-31KRS (M.D. Fla. 2005) (doc. nos. 27, 28).  It is also difficult to determine why it would take thirty minutes for a skilled lawyer to prepare a certificate of interested persons listing only his law firm and the parties to the case and a form stating that there are no other related cases. Accordingly, I conclude that the reasonable rate for Scalise is no more than $250.00 per hour.

      B.    *Reasonable Number of Hours*

The next step in calculating the lodestar is to determine whether, and to what extent, the hours worked on a case were reasonable. Associates and Webb object generally to the number of hours worked, arguing that they are disproportionate to the relief achieved. Additionally, they make some specific objections to time worked. I will address the specific objections first, followed by the general objections.

Associates and Webb contend that .4 hours worked on May 5, 2004 is an unreasonable amount of time for an attorney of Scalise's experience to research summary judgment standards. The total time Scalise worked on preparing a response to the motion for summary judgment was 3.7 hours, of which .5 hours was attributed to researching summary judgment standards. I find that the total time was reasonable, and that .5 hours is not excessive to ensure that counsel was operating under the correct standards for summary judgment in an FLSA context.

Associates and Webb also assert that 2.5 hours worked on October 5, 2004, is an unreasonable length of time to prepare form interrogatories and requests for production of documents. They did not provide the Court with a copy of the discovery requests, however. Assuming that the discovery requests were reasonably tailored to the facts of the case, I find that 2.5 hours would not be an unreasonable amount of time to prepare the requests.

Finally, Associates and Webb argue that 7.5 hours that Scalise spent preparing his motion for attorney's fees and supporting affidavits is unreasonable. Spending less than one eight-hour day to prepare a motion for attorneys' fees, supported by a time sheet and two affidavits, is not unreasonable.

Accordingly, I find that Associates and Webb's specific objections to certain time entries are not well taken.

I turn next to the objection to the total number of hours worked as unreasonable considering the amount in controversy. A number of courts considering attorney's fees in FLSA cases have reduced the lodestar attorneys' fees because of limited success in the litigation. *See, e.g., Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168-69 (S.D. Fla. 2003); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1326 (M.D. Fla. 2001); *Gary v. Health Care Services, Inc.*, 744 F. Supp. 277, 278-79 (M.D. Ga. 1990); *see also Carroll v. Wolpoff & Abramson*, 53 F.3d 626 (4th Cir. 1995). These cases are inapplicable here, however, because it appears that Perrin recovered all of the overtime compensation he claimed was due to him.

Further, I recognize that in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time. There is no evidence that Perrin or his attorneys unreasonably attempted to prolong the litigation. Counsel for Associates and Webb stated at oral argument that a settlement overture was made in March 2004, but the proposal was that Perrin drop all of his claims. Thus, this is not a case in which the plaintiff or his attorneys had the opportunity to resolve the case for the amount in controversy yet continued to pursue the case for the primary purpose of recovering a greater attorney's fee award. *Compare Brother v. Miami Hotel Investments, Ltd.*, 341 F. Supp. 2d 1230 (S.D. Fla. 2004).

Accordingly, on the record before me I have no basis upon which to reduce the hours worked by Scalise or Sabra based on the limited amount in controversy. Therefore, the lodestar attorney's fee award is as follows:

| Professional | Hourly Rate | Number of Hours | Lodestar |
|---|---|---|---|
| Charles Scalise | $250.00 | 29.1 | $7,275.00 |
| Susan Sabra | $95.00 | 1.8 | $ 171.00 |
| **TOTAL** | | | **$7,446.00** |

    2.    <u>Costs</u>.

Perrin also seeks an award of costs, which includes the following: (1) $111.40 for service of process; (2) $150.00 for this Court's filing fee; and (3) $300.00 for Rock's expert witness fee. The FLSA does not provide for payment of expert witness fees as costs. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). Costs for service of process and the filing fee are, however, properly awarded under 28 U.S.C. § 1920, and Associates and Webb do not object to the amount sought. Accordingly, Perrin is entitled to recover costs in the total amount of $261.40.

**V.    CONCLUSION.**

For the reasons stated above, it is **ORDERED** that Perrin is awarded $7,446.00 in attorney's fees and $261.40 in costs.

**DONE** and **ORDERED** in Orlando, Florida on October 6, 2005.

    *Karla R. Spaulding*
    KARLA R. SPAULDING
    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties